UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMENSION ONE SPAS, INC., a California corporation, | Civil No. 03cv1099-L(CAB) |
| Plaintiff, | **ORDER DENYING DEFENDANTS' AND COUNTERCLAIMANTS' MOTION *IN LIMINE* NO. 1** |
| v. | |
| COVERPLAY, INC., an Oregon corporation, and E. JESS TUDOR, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

This is a patent infringement action and counterclaim pertaining to pool covers. In the April 26, 2006 order on cross-motions for summary judgment, certain issues of Defendant Coverplay's inequitable conduct defense were bifurcated for bench trial before the case proceeds further. Defendants and Counterclaimants Coverplay, Inc. and E. Jess Tudor (collectively "Coverplay") filed their motion *in limine* no. 1 to exclude the testimony at trial of Michael R. Wall and James W. Campbell, pursuant to Fed. R. Civ. P. 37(c)(1). The court finds this motion suitable for disposition on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

/ / / / /

Plaintiff Dimension One Spas, Inc. ("Dimension One") is the assignee of Patent No. 5,131,102 (the '102 Patent). Its invention is intended to prevent "the loss of heat energy and increased maintenance for the removal of debris falling into the spa" which occurs when spas are not covered. The problem with spa covers is their bulky size and weight, which makes them difficult to remove and replace. In the late 1980s, Dimension One purchased a spa cover lift device called the Starlite Lifting Device ("Starlite"), which had a patent application pending ("Wall Patent" application). The inventors of the '102 Patent, Roger Ouellette, Edwin Sorensen II, and Philip Salley (owners or employees of Dimension One, collectively the "Inventors"), found the Starlite device did not work very well and was cost prohibitive, and they set out to improve it. Their design made many improvements on the Starlite device, perhaps the most significant being eliminating physical attachment of the spa cover lift to the spa cover. Associated with the improvements, the '102 Patent issued on July 21, 1992, and is entitled "Spa Cover Lift Assembly."

Defendant Coverplay, Inc. holds Patent No. 5,974,599 (the '599 Patent), embodied in spa cover lifters known as the Cover*Up! and Forward Fulcrum, which Coverplay markets. Coverplay is wholly owned by Defendant Jess Tudor, who assigned the '599 Patent to Coverplay.

On June 2, 2003, Dimension One filed this patent infringement action, alleging that Coverplay infringed the '102 Patent by making, using, offering for sale, selling, and/or importing spa cover lifts, including spa cover lifters known as Cover*Up! and Forward Fulcrum. Coverplay answered and filed a counterclaim seeking a declaratory judgment that the '102 Patent is invalid, unenforceable, and not infringed. This court issued an order construing the claims of the '102 Patent on December 2, 2005.

On October 15, 2004, Dimension One moved to amend its complaint, which motion was granted by the Magistrate Judge on September 12, 2005.[1] The First Amended Complaint was filed the same day. It added Tudor as a Defendant, and alleged additional state law claims for

---

[1] The delay in ruling on this motion is attributable to the parties' prolonged settlement negotiations.

unfair competition. On Coverplay's motion to dismiss, Dimension One was granted leave to amend, and on February 17, 2006, it filed a Second Amended Complaint. Certain portions of the Second Amended Complaint have been stricken per order filed May 19, 2006. In response to the Second Amended Complaint, Coverplay filed an answer and a counterclaim, which included the inequitable conduct defense, which is the subject of the upcoming bench trial.

The inequitable conduct defense was addressed in the April 26, 2006 order on the parties' cross-motions regarding the defense. Coverplay claimed inequitable conduct in two respects: (1) the Inventors of the '102 Patent allegedly failed to disclose the Wall Patent and the application leading to the Wall Patent to the PTO; and (2) the Inventors allegedly failed to disclose the Starlite device to the PTO. The court granted Dimension One's summary adjudication motion, and denied Coverplay's summary adjudication motion with respect to the first instance, disclosure of the Wall Patent and the application leading up to it. With respect to the second instance, disclosure of the Starlite device, the court found genuine issues of material fact as to each element of inequitable conduct. Accordingly, only the second instance is bifurcated for bench trial.

In defending against Coverplay's inequitable conduct claim, Dimension One intends to call Wall and Campbell as witnesses. Wall and Campbell are co-inventors of the Wall Patent and creators of the Starlite device. Both are listed as inventors on the face of the Wall Patent. They are anticipated to testify whether the Starlite device is cumulative of the Wall Patent.

Pursuant to Rule 37(c)(1), Coverplay moves to preclude their testimony, arguing that Dimension One's failure to disclose them during discovery or in their Rule 26 initial disclosure is sanctionable. Dimension One disclosed these witnesses for the first time on July 17, 2006 in preparation for the pretrial conference. This was long after the discovery cut-off, which precluded Coverplay from conducting any discovery pertaining to these witnesses, and prejudices it in its preparation for trial.

While Coverplay's argument is superficially plausible, neither party's papers filed in support and in opposition of this motion present the entire relevant procedural background leading up to Dimension One's July 17 disclosure. When placed in context, it is evident that the

party playing the "blind man's buff" game, *see United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), is Coverplay, and not Dimension One. Coverplay's alleged prejudice is largely the result of its own belated pleading of the inequitable conduct defense.

Prior to pleading the inequitable conduct defense, Coverplay indicated it intended to pursue it. (*See* Mem. of P.&A. in Supp. of Dimension One's Mot. for Summ. J. of No Inequitable Conduct with Respect to the Wall Patent, filed 9/13/05 ("MSJ P.&A."), at 5.) Dimension One gathered this based on two prior representations made by Coverplay's counsel. First, at the Markman hearing on October 1, 2004, Coverplay's counsel discussed the Wall Patent and the Starlight device in the context of claim construction. (*See id.*; 9/13/06 Garner Decl., Ex. D.) Although some of the same facts were later used as the basis for Coverplay's inequitable conduct defense, the defense was not mentioned at that time, and was not alleged in Coverplay's answer or counterclaim.[2] Second, on April 4, 2005, Coverplay sent a letter to Dimension One stating it "intend[ed] to file a motion for summary judgment . . . for invalidity of [the '102 Patent] on the grounds of inequitable conduct for failure to disclose, at the beginning of the prosecution of the '102 Patent, the Wall 'Starlight' device, as the closest (most relevant) known prior art to the Spa Cover Lift Assembly device that is claimed in the '102 Patent." (MSJ P.&A. at 5; 9/13/06 Garner Decl., Ex. E.) However, no motion was filed, and Coverplay did not amend its answer or counterclaim to include this defense.

Apparently in an attempt to smoke this issue out, on September 13, 2005, Dimension One filed a summary judgment motion seeking a determination that Coverplay can not assert the inequitable conduct defense because it had not pled it, and in the alternative, that it could not, as a matter of law, prevail on its merits. As to the arguments on the merits, it was apparent from Dimension One's moving papers that its motion was based on the premise the Starlight device was an embodiment of the Wall Patent, and that not disclosing the Wall Patent to the PTO was the same as not disclosing the Starlight device. (*See* MSJ P.&A.) This interpretation of the

---

[2] Not only must a defense be pled, *see* Fed. R. Civ. P. 12(b), but the inequitable conduct defense must be pled with particularity as provided in Rule 9(b); *see Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

defense, which had not yet been pled, was reasonably based on Coverplay's very limited representations up to that time.

On September 26, 2005, with its opposition to Dimension One's motion, Coverplay filed a cross-motion for summary judgment in favor of the inequitable conduct defense. Although Coverplay still had not pled the defense, it, for the first time, indicated that it intended to base it on both, the nondisclosure of the Starlight device, and separately on the nondisclosure of the Wall Patent application. (Opp'n to Mot. for Summ. J. on Inequitable Conduct with respect to the Wall Patent and Cross Mot. for Summ. J. on Inequitable Conduct and Invalidity and Req. for Att'y Fees and Costs, filed 9/26/06, at 5-6.) The fact discovery cut-off was September 30, 2005, only four days after Coverplay's filing. (*See* Minutes, filed 8/25/05.)

Some six months later, on March 13, 2006, Coverplay moved to strike Dimension One's Second Amended Complaint. Included in its points and authorities, were its answer and counterclaim to the Second Amended Complaint, which for the first time pled the inequitable conduct defense. Accordingly, by the time Coverplay finally pled its defense, it was more than six months after the discovery cut-off. On April 13, 2006, Dimension One moved to strike the new answer and counterclaim on the grounds they untimely asserted the inequitable conduct defense.

On April 26, 2006, the court ruled on the cross-motions regarding the defense and on Dimension One's motion to strike. The court declined to strike the inequitable conduct defense because the answer and counterclaim to the Second Amended complaint was the first opportunity Defendant Tudor had to file those pleadings, since he had been added to this action with the First Amended Complaint. (Order Re:  (1) Summ. J. Mot.; (2) Dimension One's Mot. to Strike Untimely Expert Opinions; and (3) Dimension One's Mot. to Strike Untimely Affirmative Defense and Countercl.; filed 4/26/06, at 8.)  As to the merits of the defense, the court found that the PTO examiner considered the Wall Patent during the prosecution of the '102 Patent application. The nondisclosure of the Wall Patent application therefore could not support an inequitable conduct defense. (*Id*. 15.)  However, there was a genuine issue of material fact

/ / / / /

whether the Starlite device was cumulative of the Wall Patent. (*Id*. at 17.) Prior to this ruling, Dimension One did not consider Wall and Campbell as relevant to the case.

Dimension One maintains it promptly hired a private investigator to locate these witnesses. Once they were located, Dimension One identified them to Coverplay. On July 17, 2006, it served Coverplay with Dimension One's Supplemental Initial Disclosures, which for the first time listed Wall and Campbell. (Joanna Esty Decl., Ex. 4.) This disclosure coincided with the parties' preparation for the pretrial conference.

In light of the above, Coverplay's argument that Dimension One did not disclose Wall and Campbell in its August 9, 2004 and July 18, 2005 discovery responses is a red herring, since the inequitable conduct defense was not even a glimmer in Coverplay counsel's eye at that time.

Furthermore, Coverplay's claim that until July 17 it was "unaware that these witnesses existed" is disingenuous. (*See* Defs and Counterclaimants Coverplay, Inc.'s and Jess Tudor's P. &A. in Supp. of Mot. in Limine No. 1 at 7.) Wall and Campbell are both listed as inventors on the face of the Wall Patent, which Coverplay discussed at some length at the Markman hearing on October 1, 2004. (Garner Decl., Ex. A & B.)

Since Dimension One supplemented its initial Rule 26(a) disclosures within a reasonable time of locating its additional witnesses, the court also rejects Coverplay's contention that Dimension One violated Rule 26(e) by failing to supplement its initial disclosures.

Coverplay's argument for Rule 37 sanctions is also rejected. Rule 37(c)(1) provides in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness . . . not so disclosed. . . .

Rule 37(c)(1) gives the district court's discretion "particularly wide latitude." *Yeti by Molly LTD v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) sanctions are inappropriate in this case because Dimension One provided a substantial justification for the delay in disclosing Wall and Campbell – Coverplay's own delay in pleading its inequitable conduct defense. This is also one of the material factors that distinguishes the instant case from

*Yeti by Molly* and from *Wong v. Regents of the Univ. of Cal.*, 410, F.3d 1052, 1062 (9th Cir. 2005).

In its reply, Coverplay raises a number of additional objections to Wall and Campbell's anticipated testimony, which include relevancy, competency and credibility. Since these issues were raised for the first time on reply papers, Dimension One did not have an opportunity to oppose. Accordingly, the court declines to consider them at this time. Coverplay may raise these issues at trial.

Last, the court is mindful of Coverplay's need to adequately prepare for trial, including Wall and Campbell's testimony. In its opposition, filed November 8, 2006, Dimension One offered to make them available for deposition before trial. To the extent Coverplay has not taken Dimension One up on this offer to date; it is hereby encouraged to do so.

For the foregoing reasons, Coverplay's motion *in limine* no. 1 is **DENIED**. The parties shall cooperate to arrange for deposition of Wall and Campbell before January 9, 2007.

**IT IS SO ORDERED**.

DATED: December 15, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL