Christopher S. Marchese (SBN 170239)
W. Chad Shear (SBN 230602)
Lara S. Garner (SBN 234701)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Plaintiff and Counter-Defendant
DIMENSION ONE SPAS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMENSION ONE SPAS, INCORPORATED, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>COVERPLAY INC., an Oregon corporation, and E. JESS TUDOR, an individual,<br><br>Defendants. | Case No.  03-CV-1099 L (CAB)<br><br>**DIMENSION ONE SPA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE UNTIMELY EXPERT OPINIONS OF DR. VIJAY GUPTA FOR FAILURE TO COMPLY WITH SCHEDULING ORDER** |
| COVERPLAY INC., an Oregon corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>DIMENSION ONE SPAS, INCORPORATED, a California corporation,<br><br>Counter-Defendant. | Date:           January 7, 2008<br>Time:           10:30<br>Courtroom:  14, 5th Floor<br>Judge:          Honorable M. James Lorenz |

Case No.  03-CV-1099 L (CAB)

In one fell swoop, Coverplay violated not only the Court's Scheduling Order, but also Fed. R. Civ. P 16, and Fed. R. Civ. P. 26(a)(2)(C).  Rule 26(a)(2)(C) required that Coverplay's expert submit a report stating all opinions that he planned to offer and to do so "at the time" directed by the Court.  Expert reports were exchanged in October of 2005 and the Court's Scheduling Order mandated that expert discovery be completed by November 23, 2005.  (Ex. A.[1])  Months after the close of expert discovery, Coverplay filed the declaration of Dr. Vijay Gupta, where he expressed *for the very first time* the opinion that the patent-in-suit is invalid in view of the prior art.  (Ex. B.)

Dr. Gupta's timely served report had made no mention whatever of the issue of validity. During his deposition he affirmatively stated that he had no opinion regarding and did not intend to offer any report regarding validity.  (Ex. C (Deposition of Vijay Gupta) at 107:7-108:4.)  After the close of discovery and through the back-door, Coverplay attempted to offer expert testimony on this issue on which it previously offered no expert report during the proper discovery period.

Having neither sought leave of Court nor shown good cause as required by Rule 16, Coverplay introduced *entirely* new expert opinions months after the close of discovery.  This is not the first time Coverplay has employed such dilatory tactics.[2]  Allowing Coverplay to continue its pattern would cause undue prejudice to Dimension One and is in direct violation of the Federal Rules of Civil Procedure and the Court's Scheduling Order.  Therefore, Dr. Gupta's declaration should be stricken and Coverplay should be precluded from offering any additional report on the issue of validity.

**A. Coverplay neither sought leave of the Court nor showed good cause for its violation of the Scheduling Order as required by Fed. R. Civ. P. 16(b). Therefore, Dr. Gupta's declaration should be stricken**

Rule 16 of the Federal Rules of Civil Procedure requires that "[a] schedule shall not be modified except upon a showing of *good cause and by leave* of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b) (emphasis added).  "Good

---

[1] All references to "Ex. __" refer to the corresponding exhibit attached to the Declaration of Lara S. Garner in support of Dimension One's Motion to Strike filed herewith.

[2] In finding that Dimension One had not committed inequitable conduct, the Court noted that the new theories Coverplay put forward for the first time at trial were "not the first time Coverplay has attempted inappropriately to change its inequitable conduct theory and sandbag its opponent." (Doc. No. 371, Findings of Fact and Conclusions of Law (citing Order Granting Pl.'s and Counterdef.'s Motion to Strike Portions of Defs' and Counterclaims' Trial Brief; Order Denying Defs' and Counterclaimants' Mot. in Limine No. 1 at 5)).

1
Case No.  03-CV-1099 L (CAB)

cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999).

> Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. The Court may allow a post-deadline amendment if the deadline could not reasonably have been met despite the diligence of the moving party.

*United States v. Boyce*, 148 F.Supp.2d 1069, 1078 (S.D. Cal. 2001). Coverplay cannot possibly show that is was diligent in this situation.

Coverplay timely submitted no expert report on the issue of validity – this is not even some ill-fated attempt to supplement a preexisting report, as no previous report existed. Coverplay carelessly chose not file an expert report on validity. And, as this Court and the Ninth Circuit has noted, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Moreover, Dr. Gupta explicitly testified at his deposition that he did not intend to offer a report on validity:

> Q. Are you aware that the expert report cutoff date is coming on?
> A. I understand that.
> Q. And are you intending to offer another expert report on validity?
> A. No, I'm not.

(Ex. C (Deposition of Vijay Gupta) at 107:7-111:24.)

There is simply no excuse for Dr. Gupta's failure to offer his opinions during expert discovery. Coverplay had had sufficient information to provide invalidity contentions with respect to the very same reference during the fact discovery period. (Ex. D.) Dr. Gupta had reviewed the reference in question before the close of expert discovery. (Ex. C at 109:14-110:21; 113:1-113:16.) He had reviewed both Dimension One's and Coverplay's proposed claim constructions. (*Id*. at 113:7-116:3.) And regarding infringement, Dr. Gupta had opined in the alternative that the accused products did not infringe under either construction. (*Id*.) Dr. Gupta could have set out his opinions regarding validity in light of the parties' proposed constructions. He simply failed to do so or even to indicate in his report that he intended to do so.

Moreover, Dr. Gupta's arbitrary and unilateral reservation, during his deposition, of the

"right" to offer an opinion later and in disregard of the Court's scheduling order is of no effect. In *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d 721 (E.D. Va. 2001), plaintiff's expert served a supplemental report one month after the close of the discovery period that "made substantial changes to the substance of, and the bases for, his opinions" on issues including the validity of the patents-in-suit and presented an entirely new opinion. *Id*. at 727-728. The plaintiff argued that the new opinions should be permitted because the expert had, in his report, made a reservation of rights. The Court rejected this argument, explaining that this "unilateral assertion of a reservation of rights . . . simply is of no effect," and that the defendant was entitled to rely on the schedule for expert disclosures established by the Federal Rules and the trial court. *Id*. (marks omitted).

Coverplay bore the burden of showing invalidity; it chose not to file an expert report. It could have taken the same approach it chose to regarding infringement. It chose not to and because it did, no expert discovery was taken regarding validity. Because Coverplay carelessly chose not to timely submit an expert report on validity and good cause cannot be shown to allow it to do so late, the declaration of Dr. Gupta should be stricken, and Coverplay should be precluded from offering any expert report regarding that opinion. *Mudron v. Brown & Brown, Inc.*, 2005 WL 3019414, *6 (N.D. Ill. 2005) (striking a supplemental expert report filed 2 months late where no good cause existed to modify the Court's schedule); *Byther v. City of Mobile*, 2005 WL 1588223 (S.D. Ala. 2005) (striking expert report served after the close of expert discovery).

### B. Dimension One would be prejudiced if Coverplay were allowed to submit a previously unexpressed opinion of its expert at such a late date

This case has been pending for more than four years, and Dimension One has yet to have its day in Court. The parties have completed discovery, both fact and expert, long ago and are presently preparing for trial. To allow Coverplay to essentially submit an expert report at this late date long after the close of discovery would be disruptive to preparation for trial and would potentially delay the progression of this case further. Therefore, the Court should not allow Coverplay to submit a supplemental expert opinion – through a declaration, report, or otherwise.

1  Dated: November 26, 2007            FISH & RICHARDSON P.C.

3                                      By: /s/ Lara S. Garner
                                           Lara S. Garner (SBN 234701)

                                       Attorneys for Plaintiff and Counter-defendant
                                       DIMENSION ONE SPAS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 26, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Lara S. Garner
Lara S. Garner
garner@fr.com

Attorneys for Attorneys for Plaintiff
and Counterdefendant,
DIMENSION ONE SPAS, INC.

10790374.doc