UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMENSION ONE SPAS, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COVERPLAY, INC., an Oregon corporation, and E. JESS TUDOR, an individual,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM | Civil No. 03cv1099-L(CAB)<br><br>**ORDER (1) DENYING DIMENSION ONE SPAS, INC.'S MOTION TO STRIKE COVERPLAY'S UNTIMELY MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH SCHEDULING ORDER; AND (2) CONDITIONALLY GRANTING COVERPLAY, INC.'S REQUEST FOR LEAVE TO FILE THE MOTION** |

On November 19, 2007, Plaintiff Dimension One Spas, Inc. ("Dimension One") filed a motion to strike Defendant Coverplay, Inc. ("Coverplay") motion for summary judgment on Plaintiff's state law claims ("Preemption Motion"). Coverplay opposed the motion to strike. Because Coverplay's Preemption Motion was stricken for unrelated procedural issues (*see* doc. no. 389), Coverplay's opposition to motion to strike is construed as its motion for leave to file the Preemption Motion. For the reasons which follow, Dimension One's motion to strike is **DENIED** and Coverplay's request to file the Preemption Motion is **GRANTED ON CONDITIONS STATED HEREIN**.

1    With its Preemption Motion, Coverplay seeks summary adjudication of three state law
2 causes of action: unfair competition pursuant to California Business and Professions Code
3 Section 1722, common law unfair competition, and intentional interference with contract, all of
4 which are based on Dimension One's allegations that Coverplay's '599 patent was invalid and
5 that Coverplay misused the patent in promoting its spa cover lift products over Dimension One's
6 products. In its proposed motion, Coverplay intends to contend that these causes of action are
7 preempted by federal patent law.

8    Dimension One argues Coverplay should not be allowed to proceed with the Preemption
9 Motion because it had raised preemption in its opposition to Dimension One's motion for leave
10 to amend complaint, objections to Magistrate Judge's order granting Dimension One's motion
11 for leave to amend complaint, motion to dismiss Dimension One's first amended complaint, and
12 motion to strike portions of Dimension One's first amended complaint. However, in the orders
13 deciding these motions, the court noted that some of the issues, including the bad faith
14 prerequisite for federal preemption, would more appropriately be raised in a summary judgment
15 motion or at trial. (*See, e.g.,* Order Re: (1) Coverplay's Objections to Judge Stiven's Order
16 Granting Motion to Amend the Complaint; and (2) Coverplay's Motion to Dismiss the First
17 Amendment Complaint, filed Feb. 6, 2006 ("February 6, 2006 Order"), at 7.) The court
18 therefore does not find that Coverplay's prior motion filings and orders thereon preclude
19 revisiting the preemption issue on summary judgment.

20    Dimension One next maintains that Coverplay should not be allowed to make the
21 Preemption Motion because the motion was first filed on November 16, 2007, long after the
22 January 30, 2006 motion cut off. The court agrees with Dimension One that Coverplay waited
23 an inordinately long period of time to file the motion. According to Coverplay's papers, the
24 earliest it considered seeking leave from this court to file the Preemption Motion November 16,
25 2007. (Esty Decl. ¶¶ 3-5.) Based on the record in this case, the reasons Coverplay asserts in
26 support of the Preemption Motion should have become apparent no later than the February 6,
27 2006 Order. (*See* February 6, 2006 Order at 7.)
28 / / / / /

1      Although the court does not condone Coverplay's delay, it finds good cause pursuant to
2 Rule 16(b) to grant Coverplay leave to file the Preemption Motion.  In the interest of judicial
3 efficiency and conservation of judicial resources, the court will consider preemption on summary
4 judgment, rather than try claims which may be disposed of as a matter of law.  *See Portsmouth*
5 *Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985).

6      Dimension One does not contend it will be prejudiced if Coverplay is granted leave.  Due
7 to the procedural posture of this case following the April 26, 2006 order denying several of the
8 parties' summary judgment motions without prejudice for administrative reasons pending bench
9 trial on Coverplay's inequitable conduct defense, and the October 30, 2007 order granting leave
10 to re-file the same motions, the court finds Dimension One will not be prejudiced.

11      For the foregoing reasons, Dimension One's Motion to Strike Coverplay's Untimely
12 Motion for Summary Judgment for Failure to Comply with Scheduling Order is **DENIED**.

13      **IT IS HEREBY ORDERED** as follows:

14      1.  Coverplay's request for leave to file a motion for summary adjudication of Dimension
15 One's state law claims based on federal preemption ("Preemption Motion") is **GRANTED ON**
16 **CONDITION** that Coverplay comply with the November 21, 2007 discrepancy order (doc. no.
17 389) regarding page limits.  The court is not inclined to grant any requests for leave to file
18 overlength briefs.  Because Coverplay's Motion for Summary Judgment of Non-Infringement,
19 or, if Denied, for Invalidity, filed November 26, 2007 ("Non-Infringement Motion"), already
20 reaches the 25-page limitation, Coverplay may meet this condition by withdrawing the Non-
21 Infringement Motion and re-filing it in a shorter form so as to fit both motions within the 25-
22 page limit pursuant to Civil Local Rule 7.1.

23      2.  No later than **noon December 7, 2007**, Coverplay shall inform Dimension One
24 whether it intends to file its Preemption Motion and re-file its Non-Infringement Motion.  If so,
25 no later than **December 10, 2007**, Coverplay must file a notice of withdrawal of its Non-
26 Infringement Motion, file its Preemption Motion and re-file its Non-Infringement Motion in
27 compliance with the November 21, 2007 discrepancy order.

28      3.  Dimension One's opposition to Coverplay's motions filed on December 10 pursuant to

this order shall be filed and served no later than **December 14, 2007**.  The opposition memoranda of points and authorities must comply with page limitations of Civil Local Rule 7.1.

   4.  Coverplay's reply in support of its motions filed on December 10, 2007 pursuant to this order shall be filed and served no later than **December 20, 2007**.

   5.  The hearing date for the Preemption Motion is **January 7, 2008** at **10:30 a.m.**

  **IT IS SO ORDERED**.

DATED: December 6, 2007

               M. James Lorenz
               United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL